```
UNITED STATES DISTRICT COURT
  DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Darrel Anthony Watkins,  )| C/A No. 2:12-1399-MGL-BHH |
| Plaintiff,  ) | |
| vs.  ) | REPORT AND |
| Herbert Drayton, CCOH Director; Ms. Frazier, ) | RECOMMENDATION |
| CCOH Nursing Supervisor; Ms. Hoffman, CCOH ) | (partial summary dismissal) |
| Physician Asst.; C/O Sprott, Chas. County ) | |
| Sheriff Office; Sgt. Hewitt, Chas. County Sheriff ) | |
| Office, ) | |
| Defendants.  ) | |

The plaintiff, Darrel Anthony Watkins ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 based on prison conditions while he was a pretrial detainee in the Al Cannon Detention Center. Plaintiff, who is now a state prisoner, files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. The complaint fails to state a claim against Defendants Drayton, Frazier, and Hoffman, and these Defendants should be dismissed as parties to this action.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). The court is also required to review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Dismissal based on the same standards as § 1915(e)(2)(B) is required in prisoner cases against governmental entities, officers, or employees. 28 U.S.C. § 1915A(b).

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, a pro se pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

## DISCUSSION

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48

(1988).

The caption of the complaint, and the list of parties named as defendants, include in pertinent part: "CCOH - [Medical] Director, Herbert Drayton; CCOH - Nursing Supervisor, Ms. Frazier; CCOH - Physician Asst. Ms. Hoffam."[*] ECF No. 1. The complaint alleges "medical neglect/malpractice from employees of CCOH - Carolina Center Occupational Health" and specifically names these three Defendants. *Id.* at 5. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's stark statement of "medical neglect" does not allege sufficient factual allegations to state a claim of deliberate indifference. While the complaint contains some factual allegations as to actions by medical personnel other than the named defendants, no specific action or inaction by Defendants Drayton, Frazier, and Hoffman are alleged that indicate a personal connection to any denial of Plaintiff's constitutional rights. This Court is not required to develop tangential claims from scant assertions in the complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, medical malpractice, or any tort based on negligence, is not actionable under § 1983. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 200-203 (1989)(§ 1983 does not impose liability for violations of duties of care arising under state law). Likewise, in as much as Plaintiff is attempting to sue these three Defendants as supervisors, it is well-settled that the doctrine of vicarious liability and the doctrine of *respondeat superior*, liability on an employer for the torts of an employee when

---

[*] Plaintiff provides alternative spellings for the names of some defendants, such as Drayton and Dreyton, as well as Hoffam and Hoffman.

the sole connection between the employer and the tort is the fact of the employer-employee relationship, are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). The complaint makes no factual allegations that establish Defendants Drayton, Frazier, and Hoffman violated Plaintiff's constitutional rights, and so the complaint fails to state a claim against these Defendants.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss *without prejudice* the Defendants Drayton, Frazier and Hoffman, as parties in this case.

> s/Bruce H. Hendricks
> United States Magistrate Judge

October 3, 2012
Charleston, South Carolina

**Plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).