IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrel Anthony Watkins, | ) | Civil Action No.: 2:12-1399-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Herbert Drayton, CCOH Director; Ms. | ) | |
| Frazier, CCOH Nursing Supervisor; Ms. | ) | |
| Hoffman, CCOH Physician Asst.; Sgt. | ) | |
| Hewitt, Chas. County Sheriff Office, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pro se Plaintiff Darrel Anthony Watkins ("Plaintiff"),  a state prisoner currently housed at the MacDougall Correctional Institution of the South Carolina Department of Corrections in Ridgeville, South Carolina, brings this action pursuant to 42 U.S.C. § 1983. The complaint in this case is based on prison conditions Plaintiff alleges he suffered as a pretrial detainee in the Al Cannon Detention Center.  (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling.

On October 4, 2012, Magistrate Judge Hendricks issued a Report and Recommendation (partial summary dismissal) recommending *inter alia* that the Court dismiss the following Defendants from this case without prejudice and without issuance and service of process: Drayton, Frazier and Hoffman.  The Report and Recommendation states that the complaint failed to state a cognizable claim upon which relief can be granted by this Court as to those defendants.  (ECF No. 27.)

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this Court.

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 27 at 5.) Plaintiff was granted an extension of time to file objections (ECF No. 45), but did not file any, and the time for doing so expired on January 7, 2013.[1]  Instead, and subsequent to the issuance of that Report and Recommendation, Plaintiff filed a Motion to Amend/Correct Complaint on January 7, 2013. (ECF No. 51.)  Magistrate Judge Hendricks granted Plaintiff's Motion to Amend the Complaint. (ECF No. 59.) The Amended Complaint appears to state claims against Defendants Hoffman, Jenkins[2], and Hewitt only. (ECF No. 61.)  The Amended Complaint adds allegations against Defendant Hoffman that were not raised initially in the original complaint but adds no further allegations against Defendants Drayton and Frazier.  As Plaintiff filed no objections to the Magistrate Judge's Report and Recommendation, he has not objected to the Magistrate Judge's finding that Plaintiff failed to state claims against Defendants Drayton and Frazier.

After a careful review of the record, the applicable law, the Report and Recommendation, and the Amended Complaint, the Court adopts the Report and Recommendation to the extent it is consistent with this order.  This action is DISMISSED without prejudice and without issuance and

---

[1] In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

[2] In his Motion to Amend (ECF No. 51), Plaintiff indicated that he desires to drop c/o Sprott as a defendant and add c/o Jenkins.

service of process as to Defendants Drayton and Frazier only in accordance with the Magistrate

Judge's recommendation.  This action is remanded to the Magistrate Judge for consideration of the

claims made against Defendant Hoffman in the Amended Complaint and consideration of whether

service is appropriate as to Defendant Hoffman.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

April 19, 2013
Spartanburg, South Carolina