IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrel Anthony Watkins, ) | Civil Action No.: 2:12-1399-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Sgt. Hewitt; Chas. County Sheriff Office, ) | |
| Ms. Jenkins; and Ms. Hoffman, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pro se Plaintiff Darrel Anthony Watkins ("Plaintiff"), a state prisoner currently housed at the MacDougall Correctional Institution of the South Carolina Department of Corrections in Ridgeville, South Carolina, brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. This court previously dismissed this action against Defendants Herbert Drayton and Ms. Frazier in accordance with the Magistrate Judge's recommendation. (ECF No. 81.) Currently before the Court is the Report and Recommendation of the Magistrate Judge concerning the motion to dismiss, or in the alternative, motion for summary judgment filed by Defendant Officer Jenkins and Sgt. Hewett (incorrectly identified as "Hewitt" in the Amended Complaint filed by Plaintiff) (ECF No. 75) and the motion to dismiss, or in the alternative, motion for summary judgment filed by Defendant Ms. Huffman (incorrectly identified as "Hoffman" in the Amended Complaint filed by Plaintiff). (ECF No. 106.) For the reasons set forth herein, the Court adopts the Report and Recommendation and hereby grants summary judgment in favor of Defendants Huffman and Jenkins. The Court denies Defendant Hewett's motion.

**REPORT AND RECOMMENDATION AND OBJECTIONS**

The Report and Recommendation sets forth in detail the relevant facts and standards of law

on this matter and the Court incorporates them and summarizes below in relevant part. Plaintiff contends that he suffered an injury to his right shoulder while he was a pretrial detainee at the Al Cannon Detention Center and brings this 28 U.S.C. § 1983 action for alleged violations of his Eighth Amendment constitutional rights. (ECF No. 61 at 3.) In his Amended Complaint, Plaintiff alleges that he was assessed by medical staff for the injury but that Defendants Huffman and Jenkins failed to notify other staff members about his condition and medical needs. (ECF No. 61 at 3.) Plaintiff further alleges that on January 1, 2012, he was taken to the lock-up unit for disciplinary reasons and that during this process, Defendant Hewett proceeded to cuff him behind his back despite Plaintiff's protestations about his injury. (ECF No. 61 at 4.) Plaintiff claims that Defendants Huffman and Jenkins were deliberately indifferent to his serious medical needs and that Defendant Hewett used excessive force in cuffing him. (ECF No. 61 at 6.)

The Magistrate Judge's January 7, 2014 Report and Recommendation recommends that Defendant Huffman's motion be granted and further recommends that Defendant Jenkins and Hewett's motion be granted in part and denied in part. (ECF No. 116.) Specifically, the Magistrate Judge recommends that summary judgment be granted as to Defendant Jenkins and denied as to Defendant Hewett. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and of the serious consequences if they failed to do so. Defendant Hewett and the Charleston County Sheriff's office submitted objections to the Report and Recommendation which this Court considers below. (ECF No. 124.) No other parties submitted objections to the Report and Recommendation.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

---

[1] In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Defendant Hewett maintains that the Magistrate Judge misapprehended the applicable law and inferences in Plaintiff's allegations by concluding that an excessive force claim can be substantiated based on Plaintiff's claim that Defendant Hewett knew Plaintiff sustained a shoulder injury and should not be handcuffed behind the back for transport. (ECF No. 124 at 4.) Defendant Hewett also distinguishes the case at a bar from several cited by the Magistrate Judge in her order by noting that Plaintiff had been seen by medical staff and no medical waiver/order had been placed in Plaintiff's security file alerting Defendant that Plaintiff had a medical condition requiring him to be cuffed in the front. (ECF No. 124 at 6-7.) Defendant Hewett argues that there is no basis for imposing liability on him for simply acting in accordance with the institution's protocol. Additionally, Defendant Hewett argues that he is entitled to qualified immunity based on the undisputed fact that the medical staff did not issue a medical order for Plaintiff to be cuffed in the front, and thus, he was not on notice that he was violating Plaintiff's rights by following protocol. (ECF No. 124 at 8.)

## **ANALYSIS AND DISCUSSION**

The Court finds that the Magistrate Judge correctly applied the relevant law in determining that Plaintiff's claims against Defendant Huffman fail to rise to the level of deliberate indifference to a serious medical need. (ECF No. 116 at 8.) Additionally, this Court agrees with the Magistrate

Judge's finding that there are no material facts in issue relative to the deliberate indifference claim against Defendant Jenkins. (ECF No. 116 at 8.) These conclusions of the Magistrate Judge have not been challenged by any of the parties and upon review, the Court finds it appropriate to grant summary judgment in favor of Defendant Huffman and Defendant Jenkins. Plaintiff's claims against these Defendants are hereby dismissed.

The Magistrate Judge also set forth the relevant law and pertinent facts concerning Plaintiff's deliberate indifference claim against Defendant Hewett. Importantly, the Magistrate Judge noted that Plaintiff's version of events and Defendant Hewett's version of the events at issue differ as it relates to Defendant Hewett's knowledge of Plaintiff's injury and the possible pain he might experience if he were handcuffed behind his back. (ECF No. 116 at 10.) The Magistrate Judge took into account the very issues raised by Defendant Hewett's objections but concluded that, taking the facts in the light most favorable to Plaintiff, a reasonable jury could conclude that Defendant Hewett used excessive force upon Plaintiff. (ECF No. 116 at 11-12.)

This matter is before the court on a motion for summary judgment. At this stage, summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, Plaintiff's evidence is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is only "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, [that] disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). Upon review of the summary judgment record, the Court find that the facts and inferences to be drawn from the evidence, including Plaintiff's sworn statements, are sufficient to create a triable issue of fact regarding

Defendant Hewett's actions, knowledge, and potential liability. Thus, summary judgment is not appropriate as to claims against Defendant Hewett.

Defendant Hewett also objects to the Magistrate Judge's recommendation concerning a qualified immunity defense. As the Magistrate Judge correctly noted, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity can be established, and is in fact, specifically encouraged, at the summary judgment stage when there is no genuine issue of material fact, and when the undisputed facts establish that the defendant is entitled to judgment as a matter of law. *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir.1992). The Fourth Circuit, however, has also recognized that the qualified immunity question can be difficult to resolve as a matter of law, as it can at times require "factual determinations respecting disputed aspects of [a defendant's] conduct." *Id.* at 312. The importance of summary judgment in qualified immunity cases "does not mean . . . that summary judgment doctrine is to be skewed from its ordinary operation to give special substantive favor to the defense, important as may be its early establishment." *Id*. at 313.

In light of the findings above, the Court cannot conclude that Defendant Hewett is entitled to qualified immunity. "While the purely legal question of whether the constitutional right at issue was clearly established 'is always capable of decision at the summary judgment stage,' a genuine question of material fact regarding '[w]hether the conduct allegedly violative of the right actually occurred . . . must be reserved for trial.'" *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005)(citing *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 2005)). As noted above, genuine issues of material fact exist regarding Plaintiff's excessive force claim. Although a jury may ultimately find

that Defendant Hewett's account of the incident is more credible, in viewing the facts in favor of Plaintiff, as the court must do at this stage, there is sufficient evidence to support an inference that Plaintiff's rights were violated. Thus, the court finds no error in the Magistrate Judge's analysis on the qualified immunity issue.

## CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the Amended Complaint, the Court adopts the Report and Recommendation of the Magistrate Judge over the objections of Defendant Hewett. Defendant Huffman's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 106) is GRANTED and Plaintiff's claims against this Defendant are dismissed. The Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by Defendants Jenkins and Hewett is GRANTED IN PART AND DENIED IN PART. Summary judgment is granted as to Defendant Jenkins but denied as to Defendant Hewett. Plaintiff's claims against Defendant Jenkins are dismissed.

IT IS SO ORDERED.

                                              s/Mary G. Lewis
                                              United States District Judge

January 31, 2014
Spartanburg, South Carolina